People v E.M. (2025 NY Slip Op 51402(U))

[*1]

People v E.M.

2025 NY Slip Op 51402(U)

Decided on September 5, 2025

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 5, 2025
Youth Part, Erie County

The People of the State of New York

against
E.M. AO.

Docket No. FYC-72623-25/001

Nicholas Marino, Esq. (Assistant District Attorney)
Joseph Turner, Esq. (for Principal E.M.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of Nicholas Marino, Esq. (Assistant District Attorney), dated August 25, 2025; an Answering Affirmation having been filed by Joseph Turner, Esq. on behalf of AO E.M. dated August 30,2025; the ADA having reserved the right to a hearing on the facts alleged in support of the People's Motion; and due deliberation having been had, the Court finds the following:
Procedural History
AO E.M. is charged under FYC-72623-25/001 with one count of Criminal Possession of Stolen Property in the Third Degree, a class D felony, contrary to PL § 165.50, Unlawfully Fleeing a Police Officer in the Second Degree, a class A misdemeanor, contrary to PL § 270.25, Resisting Arrest, a class A misdemeanor, contrary to PL § 205.30, Obstruction of Governmental Administration in the Second Degree, a class A misdemeanor, contrary to PL § 195.05(1), Possession of Burglar Tools, contrary to PL § 140.25, and Assault in the Third Degree, a class A misdemeanor, contrary to PL § 120.00(2).
On July 23, 2025, AO E.M. was arraigned by this Court. It was determined that this matter does not qualify for a six-day reading under CPL § 722.23(2)(a). The People indicated that they would make a motion under CPL § 722.23(1) requesting that this matter not be removed to Family Court. A decision on motion was scheduled on September 5, 2025. AO E.M. was released on RUS with conditions and a curfew imposed.
Findings of Fact
It is alleged that on July 16, 2025, Orchard Park Police received a call stating that the [*2]caller observed two black males wearing ski masks were trying to get into vehicles on South Park Avenue. The caller stated that the males eventually left the scene in a Gray Jeep. That same day, Victim 1 filed a report with Amherst Police indicating that her 2017 Jeep Grand Cherokee had been stolen.
Officers patrolling the South Park Avenue area observed a Jeep with four occupants matching the description given and initiated a traffic stop by activating lights and sirens. The Jeep accelerated speed, and the Officer began pursuit of the Jeep. The driver, later determined to be AO E.M., drove recklessly through residential neighborhoods of Orchard Park. The Officer in pursuit observed the vehicle fail to stop at multiple stop signs, continue in high speed through residential neighborhoods, drive the wrong way down a one-way road, and cross over medians at least three (3) times.
Other Officers came to assist in stopping the vehicle as it fled by dropping "stop sticks" in the vehicles path. AO E.M. drove over one of the "stop sticks," causing the wheel of the Jeep to become dislodged from the car and roll away. The wheel struck the leg of a pedestrian, Victim 2, who sustained minor injuries to his knee. AO E.M. subsequently fled the vehicle on foot and was later detained by Officers.
Conclusions of Law
The Raise the Age Law defines a 16-year-old or 17-year-old person who was charged with a felony as an "adolescent offender" (CPL § 1.20 [44]; see Penal Law § 30.00 [1], [3] [a]). Following arraignment, the Youth Part shall order the removal of an Adolescent Offender matter to Family Court unless, within thirty calendar days of arraignment, the prosecutor moves to prevent the removal of the action to Family Court and establishes that extraordinary circumstances exist. CPL § 722.23(1)(a), (d).
The term "extraordinary circumstances" is not defined in the Raise the Age Law. People v. Guerrero, 235 AD3d 1276, 1276 (4th Dept. 2025). "The legislative history for CPL § 722.23 reveals that, in making an extraordinary circumstances determination, courts should 'look at all the circumstances of the case, as well as ... all of the circumstances of the young person,' including both mitigating and aggravating factors". NY Assembly Debate on 2017 NY Assembly Bill A3009C, April 8, 2017 at 39; see id. at 40, 65); see also, People v. Guerrero, supra. The legislative history further provides that "the People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and there is strong proof that the young person is not amenable or would not benefit in any way from the heightened services in the family court'". See, People v T.P., 73 Misc 3d 1215(A) (Nassau County Ct 2021).
The facts here are not highly unusual or heinous. It is alleged that AO E.M. was a driver of a stolen vehicle that caused a high-speed chase and eventually caused minor injuries to a pedestrian. While this kind of reckless driving could have caused more severe injuries, property damage and even fatalities, thankfully, it did not. AO E.M. did not brandish a weapon. It is not alleged that he led other individuals in the commission of this crime. AO E.M. does not have a history in Youth Part. The People have not met their burden of proving that AO E.M. will not be amenable to or would not benefit in any way from the heightened services of Family Court. See, People v J.P., 80 Misc 3d 1205[A] (Youth Part, Erie County, 2023).
After examining all the circumstances of this case and this youth, this Court finds that extraordinary circumstances do not exist to prevent the transfer of this action to Family Court. This is not the rare case that should remain in Youth Part. The People did not meet their burden to prevent removal of this action to Family Court. This constitutes the opinion, decision, and [*3]order of this Court.
SO ORDERED.
ENTER,
HON. BRENDA M. FREEDMAN